## SALEM *v.* THE STATE.

1. The charge to the jury in reference to their finding the truth of the issue involved was not error for the reasons assigned in the exceptions; especially in view of other full and clear instructions on the presumption of innocence and reasonable doubt of guilt.

2. Though the testimony was in conflict, the verdict was supported by evidence, and this court will not set it aside after its approval by the trial judge.

No. 4154. APRIL 29, 1924.

Murder. Before Judge Hardeman. Washington superior court. December 26, 1923.

*Evans & Evans,* for plaintiff in error.

*George M. Napier, attorney-general, Walter F. Grey, solicitor-general, T. R. Gress, asst. atty.-gen.,* and *E. W. Jordan,* contra.

HINES, J. 1. The defendant excepted to the following charge of the court: "So you do not know now and you will not know absolutely what the truth is. The truth in law is that which the jury finds, under the evidence, applying the law to it, to be the truth, depending upon human testimony. In a civil case when you come to ascertain the truth you undertake to weigh the testimony and say that by the preponderance or greater weight of the evidence we find so and so to be the truth of this issue. In a criminal case (and this is a criminal case) you have heard the testimony and seen and observed the witnesses, and you as reasonable, fair men having heard it all, you say what is the truth of this issue." The errors assigned upon this charge are: (1) that "it is an incorrect statement of the law, because the truth in law is not what the jury may find, but what the truth really is as developed from the evidence and the defendant's statement;" (2) "because the court in effect instructed the jury that after having heard the testimony and seen and observed the witnesses, that they as reasonable, fair men find the defendant guilty, when the same was not qualified . . by the correct statement of the law, that they must believe from the evidence the defendant to be guilty beyond a reasonable doubt." The court instructed the jury that the defendant's innocence was presumed, that the burden was on the State to overcome the presumption, and that if it had not been overcome the jury should acquit him; and further, that "if it has been overcome by that degree of weight and credit that the law requires, then you ought to convict" the defendant. A further instruction was that it was for the jury to say "whether or not the testimony in the case is sufficient to overcome that presumption of innocence and to satisfy your minds and consciences to a moral and reasonable certainty and beyond a reasonable doubt of his

guilt. If the evidence does do that, then you ought to bring in a verdict of guilty. If the evidence fails to do that, or if you believe he is not guilty, or if you entertain a reasonable doubt about his guilt, then you should acquit him." In view of the full and clear instructions of the court upon the subjects above referred to, we do not think that the instruction excepted to is subject to the attacks made thereon. In effect, the trial judge told the jury that they did not know absolutely what the truth of the case was, and that the truth which their verdict should express was that which they found under the evidence and under the principles of law applicable to the case. He then instructed the jury that in civil cases the truth was ascertained by the preponderance of the evidence; that they had heard the testimony, seen and observed the witnesses; and that they were, as reasonable and fair men, to say what was the truth of the issue involved. If there was any lack of clearness in the above instruction, it was cured by other portions of the charge to which we have referred, and the jury could not have been confused or misled by it.

2. The verdict is supported by the evidence. While there is sharp conflict in the evidence, and while there is evidence tending to impeach the main witness for the State, the credibility of the witnesses and the credit to be given their testimony were questions for the jury; and we do not feel justified in disturbing the verdict, and the judgment of the trial court which approved the finding of the jury.  *Judgment affirmed.  All the Justices concur.*